UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**GREGORY LAMONT MEANS**           CIVIL ACTION NO. 10-299-P

**VERSUS**                                           JUDGE WALTER

**ANGIE HUFF, ET AL.**                    MAGISTRATE JUDGE HORNSBY

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Gregory Lamont Means ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on February 11, 2010. Plaintiff is currently incarcerated at the Elayn Hunt Correctional Center, but claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names Angie Huff, Jamie Fussell, Ronnie Seal, Douglas Brooks, Brian Brumfield, Larry Weary, Jeffery Travis, and Robert Tanner as defendants.

Plaintiff claims that on January 23, 2010, Angie Huff and Jamie Fussell transferred him from David Wade Correctional Center to Rayburn Correctional Center in Angie, Louisiana. He claims they were aware that he had problems when previously incarcerated at Rayburn Correctional Center. He claims that prison officials were aware of the life threatening behavior committed by guards at the Rayburn Correctional Center which

included "supremist [sic], racist victomizations [sic] beatings, and, HOMO-sexual molestation assaults." Plaintiff claims since he has been transferred to the Rayburn Correctional Center, he has been retaliated against by the staff through false disciplinary reports.

Accordingly, Plaintiff seeks monetary compensation and nominal and punitive damages. For the following reasons, Plaintiff's civil rights complaint should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Under Olim and Meachum, this Court has no authority to order the State to transfer Plaintiff to another prison. Furthermore, Plaintiff has now been transferred to the Elayn Hunt Correctional Center.

Accordingly, Plaintiff's civil rights complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C.

§ 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

  **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 29 day of November 2012.

             _____
             MARK L. HORNSBY
             UNITED STATES MAGISTRATE JUDGE